JOSHUA A. SLIKER, ESQ.
Nevada Bar No. 12493
KATLYN M. BRADY, ESQ.
Nevada Bar No. 14173
**JACKSON LEWIS P.C.**
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101
Telephone: (702) 921-2460
Email: joshua.sliker@jacksonlewis.com
Email: katlyn.brady@jacksonlewis.com

*Attorneys for Defendant*
*AM Retail Group, Inc. d/b/a DKNY*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| NANDALYN REYES, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>AM RETAIL GROUP, INC., dba DKNY; a Foreign Corporation; DOES 1 Through 25, inclusive; and ROE CORPORATIONS 1 Through 25, inclusive,<br><br>Defendants. | Case No. 2:21-cv-02110-JAD-BNW<br><br>**DEFENDANTS' REQUEST TO EXTEND THE EXPERT REBUTTAL DEADLINE**<br><br>**(THIRD REQUEST)** |

Defendant AM Retail Group, Inc. dba DKNY ("Defendant"), through its counsel Jackson Lewis P.C., request this Court extend the expert rebuttal deadline from October 15, 2022, to October 25, 2022.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I. **BACKGROUND**

This is an employment case in which Plaintiff alleges harassment, discrimination, retaliation, tortious constructive discharge, intentional infliction of emotional distress, and negligent hiring, training, and supervision. Plaintiff generally alleges she was subjected to sexually harassing statements and that Defendant failed to take appropriate action after Plaintiff reported the alleged harassment.

On January 1, 2022, the Court adopted the parties' stipulated discovery plan. ECF No. 18. The parties then exchanged initial disclosures and both parties propounded written discovery

requests. On June 17, 2022, Plaintiff served a Designation of Expert Witness. Plaintiff identified her treating physician, Dr. Michael Elliot, as a non-retained treating physician and indicated Dr. Elliot may provide expert opinions "regarding information learned during his treatment of Plaintiff[.]"

On July 18, 2022, this Court granted the parties' first request to extend the discovery deadlines. ECF No. 25. Following the stipulation, Plaintiff provided her responses to Defendant's written discovery requests. In addition, defense counsel continued the process of retaining an expert witness to ensure the rebuttal report was completed by September 15, 2022.

On August 29, 2022, this Court extended the deadline to file an expert rebuttal report to October 15, 2022. ECF No. 27. Defendant noted that undersigned counsel had recently been involved in a motor vehicle accident, which interrupted finalizing the selection of the rebuttal expert. Following the stipulation, undersigned counsel selected a rebuttal expert, provided necessary documentation, and had several discussions with the expert. The expert began working on the rebuttal report.

To accommodate Plaintiff and Plaintiff's Counsel's schedule, Defendant took the deposition of Plaintiff on October 4, 2022. On October 10, 2022, undersigned counsel was unexpectedly out of the office as undersigned counsel was seeking treatment at an urgent care. Defendant received an expedited transcript of Plaintiff's deposition on October 12, 2022. Undersigned counsel then had a follow-up medical appointment that same day and then underwent necessary bloodwork on October 15, 2022. As a result, undersigned counsel was unable to communicate with the rebuttal expert regarding the report until October 13, 2022.

Additionally, Defendant's rebuttal expert also maintains a busy practice providing mental health treatment to patients. As a result of the compressed time for Defendant's rebuttal expert to review Plaintiff's deposition transcript and pertinent treating records, Defendant is seeking an extension of time to allow the rebuttal expert sufficient time to complete reviewing these materials and finalize their report.

The parties are scheduled to participate in the deposition of Defendant's Rule 30(b)(6) deponent on November 1, 2022. Further, Defendant is in the process of scheduling the deposition

of Plaintiff's treating psychologist.

Defendant's counsel contacted Plaintiff's counsel on October 14, 2022 and left a message with the receptionist. Further, counsel followed up on this phone call on October 17, 2022, and again left a message with the receptionist. Further, the receptionist stated only Patrick Kang could approve an extension request and that Mr. Kang was unavailable. To date, counsel has not received a response.[1]

## II.   LEGAL ARGUMENT

### A. Good Cause Supports this Request.

When a motion requires the modification of the scheduling order, the movant must first satisfy the "good cause" standard established by Rule 16(b). *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992); *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"). The good cause inquiry is focused on the movant's reasons for seeking to modify the scheduling order and primarily considers the movant's diligence. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). The key determination is whether the subject deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609. The Court considers whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). Courts may also consider other pertinent circumstances, including whether the movant was diligent in seeking modification of the scheduling order once it became apparent that the movant required relief from the deadline at issue. *Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. 2012).

As an initial matter, Defendant's motion to extend the deadline is timely. The prior deadline, October 15, 2022, fell on a Saturday. Pursuant to Fed.R.Civ.P. 6(a)(1)(C), if the deadline falls on a

---

[1] Defendant notes this is not the first time Plaintiff's counsel has not responded to a request for an extension. Defendant was forced to file a motion for an extension of time to respond to Plaintiff's written discovery requests after Plaintiff's counsel failed to respond to a request. *See* ECF No. 22 at 2:10-12 (noting Plaintiff's counsel indicated he would discuss the extension request with his client but then failed to provide any further response). In addition, Defendant was forced to file a motion to extend the rebuttal expert deadline after counsel failed to respond to undersigned counsel's email or phone call. ECF No. 27 at 2-3.

1  Saturday, the deadline is extended to "the next day that is not a Saturday, Sunday, or legal holiday."
2  Accordingly, the deadline for the expert rebuttal was moved from Saturday October 15, 2022, to
3  Monday, October 17, 2022.

4        Defendant respectfully asserts good cause supports the request to extend the rebuttal expert
5  deadline. Defendant has diligently conducted discovery in this matter. Defendant has deposed
6  Plaintiff, subpoenaed relevant medical providers, scheduled the deposition of Defendant's Rule
7  30(b)(60 deponent, and completed written discovery requests. In addition, Defendant retained an
8  expert in this matter and provided the relevant information for the expert's review.

9        However, undersigned counsel was unexpectedly out of the office the week of October 10th
10  as counsel sought treatment at an urgent care. This, and the follow-up appointments impacted
11  counsel's ability to finalize the rebuttal report with the expert. In addition, counsel has another
12  medical appointment scheduled for October 18, 2022. Despite this medical issue, undersigned
13  counsel attempted to work with the expert over the weekend to finalize the rebuttal report, but was
14  unable to. Accordingly, Defendant respectfully asserts good cause supports this request.

15  **B. Discovery Completed to Date.**

16        To date, the Parties have exchanged initial and supplemental disclosures of documents and
17  witnesses pursuant to FRCP 26(a)(1). Plaintiff has propounded written discovery including
18  interrogatories, requests for production, and requests for admission. Defendant has served responses
19  to Plaintiff's written discovery requests. Defendant has propounded Defendant's First Set of
20  Requests for Production of Documents, Defendant's First Set of Interrogatories, and Defendant's
21  First Set of Requests for Admissions. Plaintiff has served responses to Defendant's written
22  discovery requests. Defendant deposed Plaintiff on October 4, 2022.

23  **C. Discovery Which Still Needs to Occur.**

24        Defendant is in the process of finalizing the rebuttal expert report. In addition, the parties
25  have scheduled the deposition of Defendants' Rule 30(b)(6) deponent for November 1, 2022.
26  Defendant is in the process of scheduling the deposition of Plaintiff's treating physician. In addition,
27  Plaintiff disclosed a new treating physician during the deposition and Defendant is in the process
28  of subpoenaing those medical records.

**D. Proposed Schedule for Completing Remaining Discovery.**

**Discovery Cut-Off Date** – November 15, 2022, discovery cut-off date shall remain the same.

**Rebuttal Expert Deadline** – The October 15, 2022, rebuttal expert disclosure deadline shall be extended to October 26, 2022.

**Dispositive Motions** – the December 15, 2022, dispositive motions deadline shall remain the same.

**Pretrial Order** – If no dispositive motions are filed, the Joint Pretrial Order shall be filed thirty (30) days after the date set for the filing of the dispositive motions. In the event dispositive motions are filed, the date for filing the Joint Pretrial Order shall be suspended until thirty (30) days after the decision on the dipositive motions or by further order of the Court.

### III. CONCLUSION

Defendant respectfully requests an eight (8) day extension to the deadline to produce a rebuttal expert. Defendant has worked diligently to complete discovery in this matter, but due to counsel's unexpected medical issues, Defendant has been unable to do so.

Dated this 17th day of October, 2022.

JACKSON LEWIS P.C.

/s/ *Katlyn M. Brady*
Joshua A. Sliker, Bar No. 12493
Katlyn M. Brady, Bar No. 14173
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101
*Attorneys for Defendant*

### ORDER

For good cause shown, IT IS ORDERED that ECF No. 28 is GRANTED.

**IT IS SO ORDERED**
**DATED:** 3:37 pm, October 18, 2022

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of Jackson Lewis, P.C. and that on this 17th day of October, 2022, I caused to be served via this Court's electronic filing system, a true and correct copy of the above foregoing **DEFENDANTS' REQUEST TO EXTEND THE EXPERT REBUTTAL DEADLINE** properly addressed to the following:

Patrick W. Kang, Esq.
pkang@acelawgroup.com
Kyle R. Tatum, Esq.
ktatum@acelawgroup.com
Tiffany S. Yang, Esq.
tyang@acelawgroup.com
KANG & ASSOCIATES, PLLC
6480 West Spring Mountain Road, Suite 1
Las Vegas, Nevada 89146

*Attorney for Plaintiffs*

　　　　　　　　　　　　　　　　　　　　*/s/ Katlyn M. Brady*
　　　　　　　　　　　　　　　　　　Employee of Jackson Lewis, P.C.